# EXHIBIT A

## Declaration of Matthew Langley

**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICTORIA ANDRETTA, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LONG ISLAND PLASTIC SURGICAL GROUP, PC d/b/a NEW YORK PLASTIC SURGICAL GROUP,<br><br>Defendant. | Case No. 1:24-cv-04554-VSB<br><br>The Honorable Vernon S. Broderick, United States District Judge |

**DECLARATION OF MATTHEW J. LANGLEY**

Matthew J. Langley hereby declares as follows:

1. I, Matthew Langley, am an attorney admitted and licensed to practice law before the courts of the states of New York, Florida, California, and Illinois. I am a Partner at ALG and serve as co-counsel of record for Plaintiff in the above-captioned case.

2. I am proposed Class Counsel[1] under the proposed Settlement with Long Island Plastic Surgical Group, PC d/b/a New York Plastic Surgical Group, PC ("LIPSG" or "Defendant" and collectively with Plaintiff, the "Parties") being presented to the Court for Preliminary Approval. I submit this declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement. I have personal knowledge of the facts set forth herein

[1] All capitalized terms used herein shall have the same meanings as those defined in the Settlement Agreement, which is attached as **Exhibit 1**.

and could testify competently as to them if called upon to do so.

3. Filed concurrently herewith as **Exhibit 1** is a true and correct copy of the Class Action Settlement Agreement entered into by Plaintiff, on behalf of herself and the proposed Settlement Class and Defendant. The Parties' proposed Long-Form Notice is **Exhibit A** to the Settlement Agreement. The Parties' proposed Short-Form Notice is **Exhibit B** to the Settlement Agreement. The Parties' proposed Electronic Claim Form is **Exhibit C** to the Settlement Agreement. The Parties proposed Preliminary Approval Order is **Exhibit D** to the Settlement Agreement.

**Background and Procedural History**

4. This Action arises out of Plaintiff's claims that Defendant disclosed Plaintiff's and Settlement Class Members' confidential personally identifiable information and protected health information to third parties, including, Meta Platforms, Inc. d/b/a Facebook ("Meta") via Tracking Tools installed on Defendant's Website. There are approximately 34,707 Settlement Class Members.

5. On June 14, 2024, Plaintiff commenced this class action lawsuit alleging that her personal health information and personally identifiable information was collected and shared with Meta through Defendant's implementation of the Meta Pixel and CAPI on its Website. *See* ECF No. 1. Plaintiff's class action complaint asserts six claims against Defendant under federal and New York state law: (1) violation of the federal Electronic Communications Privacy Act for an alleged unauthorized interception, use, and disclosure; (2) breach of confidence; (3) unjust enrichment; (4) negligence; (5) violations of the New York Consumer Law for Deceptive Acts and Practices; and (6) constructive bailment. *See* ECF No. 1.

6. On September 17, 2024, the Parties filed a consent motion for extension of time to

respond to the complaint in which the Parties informed the Court that they had agreed to engage in mediation. *See* ECF No. 13. In light of the Parties' agreement to engage in mediation, on September 20, 2024, the Court issued an order staying the case. *See* ECF No. 14.

7. Before mediation, the Parties engaged in frequent back-and-forth communications and exchanged informal discovery, which Defendants provided pursuant to Fed. R. Evid. 408 and included information related to the class size, Defendant's implementation of the Tracking Tools, and the alleged impact to Plaintiff and others similarly situated.

8. On November 18, 2024, the Parties engaged in a full-day mediation before the Honorable Mary Anne Mason (Ret.) and made substantial progress but did not reach an agreement on a settlement. On February 26, 2025, the Parties filed a Joint Status Report in which they informed the Court that they had reached a settlement in principle. *See* ECF No. 17. On July 25, 2025, the Parties filed a Joint Status Report informing the Court that the Parties executed a settlement agreement and attached the Settlement Agreement to the report. *See* ECF No. 22.

**<u>Class Counsel's Investigation</u>**

9. Plaintiff and her Counsel zealously represented the interests of the proposed Settlement Class and committed substantial resources to the resolution of the Settlement Class's claims.

10. Before filing the Complaint, Class Counsel undertook a robust forensic investigation into the factual issues raised in this Action including examining the source code used by Defendant on its Website. Class Counsel also researched the applicable law to determine how the privacy claims applied to these facts and to anticipate and address Defendant's potential defenses.

11. In addition, to prepare for filing of the Complaint, Class Counsel gathered

documents and other relevant information from Plaintiff.

12. Class Counsel have been involved in other data privacy litigation and have led numerous data tracking cases to favorable resolution.

13. Class Counsel is experienced in the litigation, certification, trial, and settlement of nationwide class action cases. In negotiating this Settlement, Class Counsel had the benefit of years of experience litigating data privacy class action cases.

14. Leading up to the mediation, Class Counsel requested and reviewed relevant information via informal discovery. This enabled them to prepare for well-informed negotiations overseen by Judge Mason.

15. On November 18, 2024, when the Parties mediated, Class Counsel had prepared a detailed mediation statement for Judge Mason. Class Counsel entered the mediation fully informed of the merits of Class Members' claims and negotiated the proposed Settlement while advancing the position of Plaintiff and Settlement Class Members and being fully prepared to continue to litigate rather than accept a settlement that was not in the best interest of Plaintiff and Settlement Class Members.

16. Judge Mason actively supervised and participated in the settlement discussions, presiding over arm's-length negotiations between capable and experienced class action counsel on both sides.

17. Our efforts on behalf of the proposed Settlement Class include (as noted in part above):

a. conducting a thorough pre-suit investigation, including a review of Defendant's source code and tracking technology;
b. gathering Plaintiff's documents and relevant information;
c. preparing a detailed complaint;
d. analyzing the legal arguments raised by Defendant;
e. tracking relevant case law;

f. requesting and reviewing relevant informal discovery leading up to and during mediation;
g. preparing mediation statements;
h. participating in mediation and extensive subsequent settlement discussions; and
i. achieving a very favorable Settlement on behalf of the Settlement Class.

18. Plaintiff has been actively engaged in this matter; she provided pertinent information to Class Counsel regarding how she trusted Defendant with her data to obtain healthcare services, as well as her anxiety stemming from Defendant's use of Tracking Tools. She has stayed informed about the case, worked with Class Counsel to prepare and review the complaint and other pleadings, and has communicated regularly with Class Counsel throughout the case, up to and including evaluation and approval of the proposed Settlement.

## The Settlement

19. Class Counsel participated in mediation and settlement discussions, achieving a very favorable Settlement for the Settlement Class and negotiated a comprehensive Settlement Agreement, which includes a robust Notice Program, well-crafted Notices and Claim Form, and an easy-to-understand Claims Process.

20. The Settlement provides for Defendant's commitment to establishing a non-reversionary cash Settlement Fund of $600,000 to benefit approximately 34,707 individuals whose confidential health information was allegedly compromised by Defendant's application of the Meta Pixel on its Website.

21. The Settlement Fund will pay: (i) reasonable Cost of Claims Administration incurred pursuant to this Settlement Agreement as approved by the Parties and approved by the Court; (ii) any taxes owed by the Settlement Fund; (iii) any service approved by the Court; (iv) any Attorneys' Fees and Expenses Award as approved by the Court; and (v) any benefits to

Settlement Class Members, pursuant to the terms and conditions of the Settlement Agreement.

22. Settlement Class Members who submit valid Claim Forms will receive a *pro rata* cash distribution from the monies remaining in the Net Settlement Fund after the payment of any Attorneys' Fee Award, litigation costs and expenses, and the Service Award.

23. Class Counsel will seek a Service Award of up to $2,500 for Plaintiff. The Service Award will be paid from the Settlement Fund and will be in addition to the Settlement Class Member Benefits Plaintiff will be entitled to receive. The award will compensate the Plaintiff for her time and effort and for the risks she assumed in prosecuting the Action, including the time and effort she spent reviewing and approving the allegations in various pleadings and the terms of the Settlement.

24. Class Counsel have not been paid for their extensive efforts or reimbursed for litigation costs and expenses incurred. Class Counsel have undertaken representation at their own expense, with compensation contingent on providing a benefit to Plaintiff and Settlement Class Members. Class Counsel are entitled to request attorneys' fees of up to 35% of the Settlement Fund as well as reimbursement of Attorneys' Costs and Expenses incurred in connection with the litigation. Such an award is subject to this Court's approval and will serve to compensate for the time, risk, and expense Plaintiff's counsel incurred pursuing claims for the Settlement Class.

**Risks of Continued Litigation**

25. Any settlement requires the parties to balance the merits of the claims and defenses asserted against the attendant risks of continued litigation and delay.

26. Class Counsel believe the claims asserted are meritorious and that Plaintiff would

prevail if this matter proceeded to trial.

27. Class Counsel are pragmatic about the risks and challenges of litigation, including uncertainties in litigating the case through a motion to dismiss, including on the issue of standing, class certification, summary judgment, and trial. In addition, Class Counsel are aware of the risks inherent from any appeal and subsequent proceedings following a successful trial verdict. Even if Plaintiff and the Settlement Classes ultimately prevailed at trial, recovery could be delayed for years by an appeal.

28. Each of these risks, by itself, could have impeded the successful prosecution of these claims at trial and in an eventual appeal—resulting in zero benefit to the Settlement Class. Under the circumstances, Plaintiff and Class Counsel appropriately determined the Settlement reached outweighs the gamble of continued litigation.

29. The claims and defenses in this Action are complex, as is clear by the record and other similar cases involving use of Meta's Tracking Tools. There is no doubt that continued litigation here would be difficult, expensive, and time consuming.

30. Given that Defendants deny liability, believe that they acted in good faith and in compliance with the law, and that they would prevail in opposing class certification and on the merits at trial, continued litigation would mean a long wait for Class Members, with no promise of recovery when the matter is finally concluded.

31. The Settlement provides immediate and substantial benefits to Settlement Class Members. The proposed Settlement is the best vehicle for Settlement Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

32. Whether the Action would have been tried as a class action is also relevant in assessing the fairness of the Settlement. As the Court had not yet certified a class at the time the

Agreement was executed, it is unclear whether certification would have been granted. This litigation activity would have required the Parties to expend significant resources.

33. In Class Counsel's experience and informed judgment, the Settlement represents an excellent result, in providing substantial monetary and injunctive relief to Settlement Class Members without further delay, and in light of the challenging and unpredictable path of litigation Plaintiff would have faced absent a settlement.

**Recommendation of Counsel**

34. Based on thorough examination and investigation of the facts and law relating to Plaintiff's claims on behalf of the Settlement Class, including the information exchanged before and during mediation, I believe the proposed Settlement is in the best interest of the Settlement Class. My extensive factual and legal investigation informed me about the strengths and weaknesses of Plaintiff's claims as well as Defendant's potential defenses and allowed me to conduct an informed, fair, and objective evaluation of the value and risks of continued litigation.

35. Class Counsel and Defendant's counsel are all attorneys who are familiar with class action litigation related to Tracking Tools; particularly experienced in the litigation, certification, trial, and settlement of class actions, including data privacy cases; and knowledgeable of the legal and factual issues at the center of this Action.

36. I recognize that despite my belief in the strength of Plaintiff's Claims and Plaintiff's and the proposed Class's ability to secure a judgment and award of damages, the expense, duration, and complexity of protracted litigation would be substantial and the outcome uncertain.

37. I also am mindful that absent the proposed Settlement, Defendant's defenses could deprive Plaintiff and the proposed Settlement Class of any potential relief whatsoever. Defendant would continue to challenge liability, likely seek to compel Plaintiff to arbitrate her claims, would

oppose class certification vigorously, and would prepare a competent defense at trial. Defendant could also appeal any adverse decision on the merits or challenge the award of statutory damages.

38. The Parties have concluded that the benefits of settlement in this Action outweigh the risks and uncertainties of continued litigation, including potential motions to dismiss, class certification discovery and proceedings, merits discovery, pretrial motion practice, trial, and likely appellate review.

39. The Parties did not discuss attorneys' fees or any Service Award until after agreeing on the material terms of the Settlement, including the Settlement Class definition, Settlement Class Benefits, and the Releases.

40. The Settlement was reached in the absence of collusion, and is the product of good faith, informed, and arm's-length negotiations by competent counsel with the assistance of Judge Mason at mediation. There are no additional agreements that require identification or examination under Rule 23(e)(3).

41. Class Counsel has vigorously represented the Settlement Class and will continue to do so after Preliminary Approval and Final Approval.

42. In my professional opinion, the relief provided by the proposed Settlement is fair, adequate, reasonable and in the best interests of the Settlement Class, and I respectfully recommend it to the Court for its preliminary approval. Class Counsel has conferred with Plaintiff, who also supports the proposed Settlement.

**Class Treatment Is Appropriate**

43. For Settlement purposes, the Parties have agreed to certify a Settlement Class defined as: "all individuals who created an account on the Website's patient portal, submitted forms on the Website and/or made an online appointment through the Website."

44. Either common legal questions or common fact questions are sufficient to establish commonality, and both are present here. Plaintiff has asserted multiple questions of law and fact—all centering on whether Defendant unlawfully disclosed its customers' Private Information to third parties such as Meta—that are common to the Settlement Class, that are alleged to have injured all Settlement Class members in the same or similar way, and that would generate common answers.

45. Plaintiff's claims are typical of those of the Class, as all stem from the same course of conduct - the installation of the Tracking Technologies on Defendant's Website, which, in turn compromised Class Members' Private Information. Moreover, common questions of fact predominate because liability questions common to all Settlement Class Members substantially outweigh any possible issues that are individual to each Settlement Class Member.

46. Resolution of thousands of claims in one action is far superior to individual lawsuits because it promotes consistency and efficiency of adjudication.

47. Plaintiff is an adequate Class Representative. She is fully committed to the responsibility of serving as Class Representative. Her claims are not antagonistic to or in conflict with the interests of the Settlement Class. She pursues the same legal theories challenging the same course of Defendant's conduct. Plaintiff and the absent Settlement Class Members seek remedies equally applicable and beneficial to their fellow Settlement Class Members. She has the same interest in the relief afforded by the Settlement, and the absent Settlement Class members have no diverging interests.

**Roles & Qualifications of Counsel**

48. During the course of this litigation, ALG worked tirelessly to obtain the excellent settlement result proposed here. Under the terms of the Settlement Agreement, the undersigned is designated Class Counsel. *See* Settlement Agreement § 1.7.

49. As noted above, Class Counsel have significant experience in the litigation, and settlement of national class actions, including numerous data privacy cases, many of which have obtained final approval. *See* Firm Resume of Class Counsel, attached hereto as **Exhibit 2**. Thus, Plaintiff and the Settlement Class are represented by qualified and competent Class Counsel. Class Counsel is a leader in the data privacy class action field and has extensive experience prosecuting class actions.

50. Class Counsel is qualified and competent, possess extensive knowledge of the applicable laws, and experience in prosecuting complex class actions in courts throughout the United States, including cases similar to this one, and has led in the recovery of hundreds of millions of dollars for the classes he represented. The experience, resources, and knowledge Class Counsel brings to this Action is extensive and formidable. Class Counsel has devoted substantial time and resources to this Action, is qualified to represent the Settlement Class, and will, along with the Class Representative, vigorously protect the interest of the Settlement Class.

**Settlement Administrator and Notice Program**

51. We selected RG/2 Claims Administration LLC, based in part on its experience in similar class actions and a notice plan proposal that includes innovative, thoughtful and technologically sophisticated means of providing notice to Settlement Class Members, at a reasonable cost.

52. In its role, RG/2 Claims Administration LLC will oversee the Notice Program. The

Notice Program is designed to provide the best notice practicable and is tailored to take advantage of the information Defendant has about the Settlement Class.

53. The Notice Program constitutes sufficient notice to all persons entitled to notice. The Notice Program satisfies all applicable requirements of law and due process.

54. The Notice will properly inform Settlement Class members of the Settlement's substantive terms. It will advise Settlement Class members of their options for remaining part of the Settlement Class or for opting out of the Settlement; for submitting Claim Forms; for objecting to the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards; and how to obtain additional information about the Settlement. The Notice Program is designed to directly reach a very high percentage of Settlement Class members with Email and Postcard Notices, with consideration that Settlement Class members' contact information is readily available to Defendant. It exceeds the requirements of constitutional due process.

=

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct. Executed in Chicago, Illinois this August 22, 2025.

/s/_*Matthew J. Langley*
Matthew J. Langley